IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NIKKO ALLEN JENKINS, | ) | 8:15CV435 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a "Motion to Remove Criminal Prosecution" (Filing No. 1) filed by Plaintiff Nikko Allen Jenkins. The documents attached to Jenkins's motion reflect he pled no contest to numerous criminal charges in the District Court of Douglas County, Nebraska, including four counts of first-degree murder. It appears Jenkins is currently in the penalty sentencing phase of his criminal proceedings. (*See* Filing No. 1-1 at CM/ECF p. 5.)

Here, Jenkins seeks to remove his criminal cases to this court pursuant to 28 U.S.C. § 1443. For the reasons that follow, the court will deny Jenkins's request for removal of his criminal cases.

**A.    28 U.S.C. § 1455**

A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1).

Further, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Jenkins did not provide this court "with a copy of all process, pleadings, and orders" served on him. Thus, he has not complied with § 1455(a). Moreover, Jenkins did not seek to remove his criminal cases within 30 days of his arraignment. Thus, he has not complied with § 1455(b)(1). Even if Jenkins had complied with the procedures outlined in § 1455, removal is improper under 28 U.S.C. § 1443.

**B.     28 U.S.C. § 1443**

The federal statute governing the removal of criminal prosecutions from state court to federal court states, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443.

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality" and "the defendant must be

2

unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

Here, Jenkins does not allege he was denied any civil rights on racial grounds or under a federal equal rights law. Rather, Jenkins complains his attorneys are ineffective, a prosecutor disclosed his private medical information, the state district court judge dismissed his civil complaint, and law enforcement officers conspired against him. These arguments fail to demonstrate that removal of Jenkins's criminal cases is proper where his request is not based on any allegations of racial discrimination.

IT IS THEREFORE ORDERED that:

1. Jenkins's request for removal of his criminal cases is denied. Accordingly, this case is dismissed and the court will enter judgment by a separate document.

2. Jenkins's request for emergency injunctive relief (Filing No. 9) is denied as moot.

3. To the extent a remand of this case is necessary, this case is remanded to the District Court of Douglas County, Nebraska.

DATED this 17th day of February, 2016.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge